# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

JAMES FREDERICK WILLIAMS                          PLAINTIFF

v.                                          CIVIL ACTION NO. 1:17CV-204-GNS

THOMAS P. SKELLY                                      DEFENDANT

## MEMORANDUM OPINION

Plaintiff James Frederick Williams filed a *pro se*, *in forma pauperis* complaint. He later filed a "Motion to Proceed with Suit" (DN 5), which the Court construes as an amendment to the complaint. This matter is before the Court for screening of the complaint and amendment pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I. STATEMENT OF CLAIMS

In the complaint, Plaintiff, who designates himself as "a natural living person" residing in Warren County, Kentucky, asserts federal question jurisdiction under 28 U.S.C. § 1331. He sues Thomas P. Skelly, "a living person, d/b/a, Department of Education . . . an unknown entity, believed to be authorized to do business in the state of Pennsylvania."

As his "Statement of Facts," Plaintiff states:

> 1. On or about November 13, 2017, the Plaintiff did execute and deliver (1) contract/bond in the amount of $212,032.25 promising to pay Thomas P. Skelly, an agent believed to be acting for said Defendant in this cause of action . . . .
>
> 2. The Defendant(s) has dishonored and not accepted the contract/bond. . . .
>
> 3. The Defendant breached the contract/bond.
>
> 4. The plaintiff states that the contract/bond is backed by **the Negotiable Instrument Act, 1881; Public Law 73-10, Chapter 48, Statute 112;**

**U.S.C. 411; Securities Act 2 (1), 3 (a)(3); Congressional Statute At Large, Title 62; U.S. Supreme Court; and settlement in the terms of the Uniform Commercial Code.**

(DN 1, Compl.) (emphasis by Plaintiff).

To the complaint, Plaintiff attaches a copy of the "contract/bond" he indicates he delivered to Defendant. Therein, he declares:

> There appearing no bond, contract or title of record entered by claimant(s) to initiate the matter(s) alleged by the U.S. Department of Education, regarding SSN: \*\*\*-\*\*-\*\*\*\*.
>
> I, issue this bond to discharge all debt in the matter(s) of SSN: \*\*\*-\*\*-\*\*\*\*, dischargeable to the U.S. Department of Education, as mandated by Public Policy through the Bureau of Public Debt. In that no lawful money of account exists in circulation and in consideration thereof, I have suffered dishonor by the U.S. Department of Education, regarding SSN: \*\*\*-\*\*-\*\*\*\*.
>
> I, James Frederick Williams, principal, as surety, am held and firmly bound to the U.S. Department of Education for the sum of: **$12,032.25** unless the alleged debtor JAMES F. WILLIAMS, Ens legis, shall satisfy any debt which may be recovered against it by alleged creditor, the U.S. Department of Education, for the attachment(s) of alleged debtor JAMES F. WILLIAMS, Ens legis, for the sum certain of: **$12,032.25**, returnable to the U.S. Department of Education . . . . Please adjust the aforesaid account to zero balance, in accord with **HJR-192 of June 5th, 1933; Public Law 73-10 and 31 U.S.C. 371**, whereas this negotiable note being a negotiable instrument is hereby tendered in good faith.
>
> This BOND payable to the U.S. Department of Education is redeemable, on after November 13th, 2026, at 6% per annum.

(DN 1, Ex. A) (emphasis by Plaintiff). The bond was executed "by me, James Frederick Williams, owner, principal, surety, the natural living male."

As relief in the complaint, Plaintiff seeks "damages totaling $12,032.25."

In his amendment (DN 5), Plaintiff alleges that the United States of America is a corporation and not a government; that "the evidence prove the dejure states in the form of

Republics and the dejure United States were subsumed or set aside by the Bankruptcy Act of 1933"; and that "the evidence also prove HJR-192 Of June 5th 1933 has never been repealed."

## II. **STANDARD OF REVIEW**

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint and its amendment under 28 U.S.C. § 1915(e). *See McGore v. Wrigglesworth*, 114 F.3d at 608-09. On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less

stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. **ANALYSIS**

It appears that Plaintiff, at some unspecified time, received a student loan from the U.S. Department of Education; that he recently sent a contract/bond (wherein he was both the secured party and debtor) seeking to discharge his debt to the Department of Education via Defendant Skelly; and that the contract/bond was "dishonor and not accepted." Plaintiff cites to the Negotiable Instrument Act, 1881; Public Law 73-10, Chapter 48, Statute 112; U.S.C. 411; Securities Act 2 (1), (3) (a)(3); Congressional Statute At Large, Title 62; U.S. Supreme Court; and settlement in the terms of the Uniform Commercial Code and HJR-192 of June 5th, 1933; Public Law 73-10 and 31 U.S.C. 371.

Plaintiff appears to be asserting some form of a "sovereign citizen" claim against Defendant.[1] "Adherents of such claims or defenses 'believe that they are not subject to

---

[1] Throughout the contract/bond attached to his complaint, Plaintiff writes his name in all capital letters when referring to himself as the debtor ("JAMES F. WILLIAMS, Ens legis") and in only initial capital letters when referring to himself as the principal, surety, owner of the bond ("James Frederick Williams, Owner"). In *United States v. Beeman*, the Western District of Pennsylvania observed:

> Notably, the UCC filing lists the debtor's "exact full legal name" as "EBERT GORDON BEEMAN" (all capital letters) and the secured party's name as "Ebert Gordon Beeman" (initial capital letters only). The distinction appears to be purposeful and, together with

4

government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings.'" *United States v. Alexio*, CR Nos. 13-01017 JMS, 13-01018 JMS, 2015 WL 4069160, at *2 (D. Haw. July 2, 2015) (quoting *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011)). "But '[c]ourts across the United States have uniformly rejected arguments based on [a] redemption theory or substantially similar theories,'"[2] *Alexio*, 2015 WL 4069160, at *2 (quoting *United States v. Staten*, No. 1:10-cr-00179, 2012 WL 2389871, at *3 (M.D. Pa. June 25, 2012) (citing cases), "describing them as 'frivolous, irrational [and] unintelligible.'" *Id.* (quoting *United States v. Ornelas*, No. 05-0321-WS-C, 2010 WL 4663385, at *1 (S.D. Ala. Nov. 9, 2010)); *see also United States v. McQuarters*, No. 11-MC-51386, 2013 WL 6095514, at *2 (E.D. Mich. Nov. 20, 2013) (finding that "sovereign citizen" arguments "'are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, [and] no longer open to discussion'") (quoting *Apple v. Glenn*, 183 F.3d 477,

---

the reference to "HJR 192," appears to invoke a contrived and convoluted tax-defier theory known as "redemption," which has been described by one court as "equal parts revisionist legal history and conspiracy theory." *Bryant v. Washington Mutual Bank*, 524 F. Supp. 2d 753, 758 (W.D. Va. 2007).

*Beeman*, No. 1:10-CV-237-SJM, 2011 WL 2601959, at *11 (W.D. Pa. June 30, 2011). Further, as noted by the Eastern District of Pennsylvania, a plaintiff's "reference to 'ENS/LEGIS' appears to relate to [his] notions of his sovereign citizenship." *Cooper v. Williams*, No. 16-3963, 2016 WL 4943363, at *1 n.1 (E.D. Pa. Sept. 16, 2016).

[2] For instance,

[T]he "vapor money," "unlawful money" or "redemption" theories of debt . . . are all, in essence, based on the premise that "because the United States went off the gold standard in 1933 with the passage of HJR-192, 'the United States has been bankrupt and lenders have been creating unenforceable debts because they are lending credit rather than legal tender.'"

*Marvin v. Capital One*, No. 1:15-CV-1310, 2016 WL 4548382, at *4-5 (W.D. Mich. Aug. 16, 2016), *report and recommendation adopted*, 2016 WL 4541997 (W.D. Mich. Aug. 31, 2016), *aff'd*, No. 16-2307, 2017 WL 4317143 (6th Cir. June 6, 2017) (quoting *Green v. Pryce*, No. 15-CV-3527 MKB, 2015 WL 4069176 at *2 (E.D.N.Y. July 1, 2015)).

479 (6th Cir. 1999)). "Claims premised on sovereign citizen theories may be dismissed without 'extended argument.'" *Payne v. Klida*, No. 15-CV-14127, 2016 WL 491847, at *4 (E.D. Mich. Jan. 6, 2016), *report and recommendation adopted*, 2016 WL 465486 (E.D. Mich. Feb. 8, 2016) (quoting *United States v. Ward*, No. 98-30191, 1999 WL 369812, at *2 (9th Cir. May 13, 1999)).

Upon initial review of Plaintiff's complaint and amendment and for the foregoing reasons, the Court finds Plaintiff's claims to be frivolous and without legal merit. The instant action, therefore, will be dismissed by separate Order.

Date: May 23, 2018

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendant
4416.005